J-S41003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY ALLEN REID, JR., | |
| Appellant | No. 1194 MDA 2016 |

Appeal from the Judgment of Sentence April 29, 2016
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0006147-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JULY 27, 2017**

Appellant, Jeffrey Allen Reid, Jr., appeals from the judgment of sentence imposed following his jury conviction of murder of the first degree, murder of the second degree, robbery, and related crimes.[1]  Specifically, he challenges the sufficiency of the evidence for the murder convictions. Appellant also claims a ***Brady*** violation.[2]  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the denial of post-sentence relief.  (***See*** Appellant's Brief, at 1).  The appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.  ***See Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003).

[2] ***Brady v. Maryland***, 373 U.S. 83 (1963).

We derive the facts of the case from the trial court opinion and our independent review of the certified record.

Seeking money to get out of town, Appellant embarked on a series of three botched robberies with his girlfriend and several other co-conspirators. (*See* Trial Court Opinion, 10/06/16, at 4-5). When these proved unsuccessful, Appellant decided to call a friend, Dashaun Davis, and ask him to come over, to rob him, knowing that he usually had money. (*See id.* at 9).

When Davis arrived, Appellant's cohort, NaQuan Coakley, tried to rob him at gunpoint. Appellant was nearby. Davis reached for the revolver. Coakley fired, several times. While this was happening, Davis called out to Appellant by his street name, "Sincere." Appellant told Coakley to "finish him" or "off him." (N.T. Trial, 3/07/16, at 261; *see also* Trial Ct. Op., at 9-10).

Appellant asked the other robbers for help in disposing of Davis' body, but they refused. By this time they heard the sound of sirens coming from police cars responding to reports of shots fired. Everybody scattered.

Later, in prison, Appellant was housed with cellmate Andrew Horn. Appellant asked Horn to write to his (Appellant's) attorney claiming that Coakley had told him that he shot Davis, and Appellant was not involved. Horn wrote a letter, but did not send it. Instead, Horn became a prosecution witness at trial.

Horn testified, *inter alia*, that Appellant told him that he gave the order to Coakley to finish off the victim, Davis. Another co-conspirator, Malik Williams, (Coakley's younger brother), also testified against Appellant.

The jury convicted Appellant of murder of the first degree, 18 Pa.C.S.A. § 2502(a), and murder of the second degree, 18 Pa.C.S.A. § 2502(b).[3] The trial court imposed a sentence of life without parole on murder of the first degree[4] plus a consecutive aggregate term of not less than twenty-four years nor more than forty-eight years of incarceration in a state correctional institution on the other non-murder convictions.[5] The court denied Appellant's post-sentence motions without a hearing. This timely appeal followed.[6]

Appellant presents three questions for our review:

> 1. Whether the trial court erred in denying the [m]otion for [p]ost-[s]entence relief where the evidence was not sufficient to support a conviction for [m]urder in the [f]irst [d]egree?

_____

[3] The jury also convicted Appellant of criminal attempt, robbery—threat of immediate serious injury; conspiracy—robbery-threat of immediate serious injury; and robbery—infliction of serious bodily injury. Appellant does not raise any challenge to these convictions on appeal.

[4] The court concluded that the sentence for murder of the second degree merged for purposes of sentencing. (**See** Trial Ct. Op., at 2).

[5] When the verdict was read, Appellant responded with obscenities, on the record, at both the judge and the jury. (**See** N.T. Trial, 3/10/16, 455-56).

[6] Appellant timely filed a statement of errors complained of on appeal. The trial court filed an opinion on October 6, 2016. **See** Pa.R.A.P. 1925.

2. Whether the trial court erred in denying the [m]otion for [p]ost-[s]entence relief where the evidence was not sufficient to support a conviction for [m]urder in the [s]econd [d]egree?

3. Whether the trial court abused its discretion in denying the Appellant's request for a mistrial and subsequent request for a new trial on the grounds of a **Brady** violation?

(Appellant's Brief, at 4).

Preliminarily, we note that although Appellant purports to challenge the sufficiency of the evidence for the murder convictions, in fact, aside from lengthy quotations of general principles not in dispute here, his argument challenges credibility, chiefly that of Andrew Horn. (**See** Appellant's Brief, at 12) ("the record is bereft of any credible evidence . . ."), (**see id.** at 16) (same).

A challenge to witness credibility goes to the weight rather than the sufficiency of the evidence. **See Commonwealth v. Palo**, 24 A.3d 1050, 1055 (Pa. Super. 2011), *appeal denied*, 34 A.3d 828 (Pa. 2011) ("Directed entirely to the credibility of the Commonwealth's chief witness, Appellant's claim challenges the weight, not the sufficiency, of the evidence."); **see also Commonwealth v. Orr**, 38 A.3d 868, 874 (Pa. Super. 2011), *appeal denied*, 54 A.3d 348 (Pa. 2012) ("Given additional evidentiary circumstances, 'any indefiniteness and uncertainty in the identification testimony goes to its weight.'") (citation omitted).

"The weight of the evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence, and to assess the credibility

of the witnesses. This Court cannot substitute its judgment for that of the jury on issues of credibility." **Commonwealth Dougherty**, 860 A.2d 31, 36 (Pa. 2004), *cert. denied*, 546 U.S. 835 (2005) (citations omitted).

Appellant fails to develop any other argument in support of his bald denials of sufficiency. As the Commonwealth correctly notes, our Supreme Court has determined that a challenge to the sufficiency of the evidence, which is really a challenge to the weight of the evidence, must fail. (**See** Commonwealth's Brief, at 13) (citing **Commonwealth v. Small**, 741 A.2d 666, 672 (Pa. 1999), *cert. denied*, 531 U.S. 829 (2000)). Accordingly, we reject Appellant's challenge to the sufficiency of the evidence, as waived. Additionally, because Appellant failed to raise and preserve a proper weight claim, that issue is waived as well.

Moreover, the first sufficiency claim would not merit relief. "Because evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Johnson**, 107 A.3d 52, 66 (Pa. 2014), *cert. denied*, 136 S. Ct. 43 (2015) (citation omitted).

> When reviewing the sufficiency of the evidence for first degree murder, we are obliged to determine whether the evidence presented at trial and all reasonable inferences derived therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to satisfy all elements of the offense beyond a reasonable doubt.
>
> To convict a defendant of first degree murder, the Commonwealth must establish a human being was unlawfully

killed, the defendant was responsible for the killing, and the defendant acted with malice and a specific intent to kill. **See** 18 Pa.C.S. § 2502(a)[.] The Commonwealth may use wholly circumstantial evidence to discharge its burden of showing the accused intentionally killed the victim, [ ], and circumstantial evidence can itself be sufficient to prove any or every element of the crime[.]

**Commonwealth v. Perez**, 93 A.3d 829, 841 (Pa. 2014), *cert. denied*, 135 S. Ct. 480 (2014) (case citations omitted). "Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty." **Commonwealth v. McCollum**, 926 A.2d 527, 530 (Pa. Super. 2007) (citation and internal quotation marks omitted).

Murder of the first degree is defined by statute as follows:

**(a) Murder of the first degree.**—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

18 Pa.C.S.A. § 2502(a).

Here, Appellant denies, without developing an argument supported by reference to pertinent authority, that the evidence was sufficient to prove his specific intent to kill. (**See** Appellant's Brief, at 9-10). He also baldly asserts that there was insufficient evidence to link him as an accomplice or co-conspirator to the murder of Davis committed by Coakley. (**See id.** at 12). We disagree.

"[I]t is well-established in Pennsylvania law that the specific intent to kill can be formed in a fraction of a second, and may be found whenever the

- 6 -

defendant acts with a conscious purpose to bring about the death of the victim." **Commonwealth v. Chambers**, 980 A.2d 35, 47 (Pa. 2009), *cert. denied*, 560 U.S. 928 (2010) (citations omitted). "[T]he Commonwealth can prove the specific intent to kill from circumstantial evidence." **Commonwealth v. Simpson**, 754 A.2d 1264, 1269 (Pa. 2000), *cert. denied*, 533 U.S. 932 (2001) (citation omitted). "Furthermore, all co-conspirators to a murder may be found guilty of first degree murder, regardless of which person actually inflicted the wound which resulted in death." **Small**, *supra* at 672 (citing **Commonwealth v. Gibson**, 688 A.2d 1152, 1158 (Pa. 1997), *cert. denied,* 522 U.S. 948 (1997)).

In this case, the jury was free to accept the evidence that Appellant conspired with Coakley to rob Davis, and specifically ordered Coakley to murder Davis. Such evidence was sufficient to establish Appellant's involvement in a conspiracy to rob Davis, and Appellant's order to finish Davis off when he resisted, and recognized Appellant. **See, e.g.**, **Commonwealth v. Jones**, 668 A.2d 491, 502 (Pa. 1995), *cert. denied*, 519 U.S. 826 (1996) (evidence of appellant's involvement as gang member admissible to prove motive for victim's murder and existence of criminal conspiracy). Appellant's first insufficiency claim would not merit relief.

Appellant's second claim, insufficiency of the evidence for murder of the second degree, fails for the same reasons.[7] Here, again, Appellant challenges the credibility of the evidence. (**See** Appellant's Brief, at 16) ("The record is bereft of any credible evidence . . . "). Credibility goes to weight, not sufficiency. The jury was free to accept the evidence that Appellant ordered the death of the victim, Davis, in the course of conspiring to commit a felony, a robbery, which was sufficient to establish murder of the second degree. Appellant's second insufficiency claim would fail on the merits.

Finally, in his third claim, Appellant asserts a **Brady** violation, maintaining that the Commonwealth failed to turn over the cell phone billing records of the victim, Deshaun Davis. (**See id.** at 17-20). He claims he is entitled to a new trial. We disagree.

"[T]o establish a **Brady** violation, an appellant must prove three elements: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3)

_____

[7] Second degree murder is defined by statute as follows:

> **Murder of the second degree.**—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

18 Pa.C.S.A. § 2502(b).

prejudice ensued." ***Commonwealth v. Weiss***, 81 A.3d 767, 783 (Pa. 2013) (citations omitted).

Here, Appellant argues that a ***Brady*** violation occurred because billing records of cell phone usage for a phone registered to the victim, Mr. Davis, were not turned over by the Commonwealth. Notably, the billing records did not include the content of conversations. Nevertheless, Appellant maintains that the absence of a record for receipt of a text message on the night Davis was murdered could have been used to impeach Horn's testimony that he was told Appellant called Davis, so he could rob him. Appellant fails to establish a ***Brady*** violation.

First, Appellant fails to show how such information would be exculpatory or could be used for impeachment. To the contrary, at trial, counsel for Appellant conceded that he did not know if any such evidence would be favorable. (***See*** Trial Ct. Op., at 17 (citing N.T. Trial, at 403)). Moreover, as noted, the billing records did not include the text of any messages. Absent an indication of content, the claim that such evidence would be exculpatory or useful for impeachment is no more than speculation and conjecture.

In any event, Appellant does not deny that he was at the murder scene; he only claims that he was merely present. (***See*** Appellant's Brief, at 12). The determination of guilt or innocence depended on whether he was

an active participant in the robbery and murder. Whether or not Appellant called Davis would not have been determinative of guilt or innocence.

Secondly, Appellant fails to show that the supposed evidence was suppressed by the prosecution, either willfully or inadvertently. Thirdly, Appellant fails to demonstrate that prejudice ensued, in other words, that the phone records would have undermined confidence in the verdict.

> A *Brady* violation is established by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. **Importantly, the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense.** In order to be entitled to a new trial for failure to disclose evidence affecting a witness'[s] credibility, the defendant must demonstrate that the reliability of the witness may well be determinative of his guilt or innocence. In assessing the significance of the evidence withheld, a reviewing court must bear in mind that not every item of the prosecution's case would necessarily have been directly undercut had the *Brady* evidence been disclosed.

*Commonwealth v. Weiss*, 986 A.2d 808, 815 (Pa. 2009) (citations, quotation marks, and other punctuation omitted) (emphasis added). Appellant fails to show he was prejudiced. His *Brady* claim does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/27/2017</u>